## KLEE *et al. v.* GRANT, Sheriff.

*(City Court of New York, General Term.* February 8, 1892.)

REPLEVIN—EVIDENCE.

In replevin against a sheriff to recover goods seized on attachment, the only evidence of plaintiffs' ownership was the testimony of one of plaintiffs, which, on cross-examination, was inconsistent with and contradictory of that given by him in chief. *Held,* that the complaint was properly dismissed.

Appeal from trial term.

Action of replevin by Jacob Klee and others against Hugh J. Grant, sheriff, etc. The complaint was dismissed and plaintiffs appeal. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*Sampter & Bloomfield,* for appellants.    *Cochran & Clark,* for respondent.

McGOWN, J.    This action was brought to replevin certain personal property, consisting of suits, overcoats, and pants of the alleged value of $140.38, which, plaintiffs claim, were wrongfully seized and detained by defendant while plaintiffs were the owners and entitled to the immediate possession thereof. Defendant, in his answer, specifically denies the allegations of the complaint, and sets up as a separate defense and justification that on the 26th day of August, 1889, he took and detained said property under an attachment against the property of Maier Rothschild, who was the owner of the same, or had a leviable or attachable interest therein at that time. The only question of fact to be passed upon by the court and jury being as to whether the plaintiffs or said Rothschild were the owners of the property, and entitled to the immediate possession thereof, at the time of the levy, the case came on for trial before Justice NEWBURGHER and a jury, on the 23d day of March, 1891. The only witness called and examined upon the part of the plaintiffs to prove ownership, and the right of immediate possession, on the part of the plaintiffs, was Bernard S. Klee, one of the plaintiffs; and plaintiffs' counsel rested his case. Whereupon defendant's counsel made a motion to dismiss the complaint for want of sufficient evidence to sustain plaintiffs' case, and the trial justice thereupon granted the motion to dismiss, to which ruling plaintiffs' counsel excepted. We think that there was no error on the part of the trial justice in granting the motion to dismiss. It was the duty of the plaintiffs to furnish sufficient and competent evidence to the court and jury to maintain their cause of action, and in the absence of such evidence it was clearly the duty of the court to dismiss the complaint. The evidence given by the witness Klee, upon his cross-examination, was so inconsistent and at variance with that given upon his direct examination that we think the trial justice was fully justified in granting the motion to dismiss. To maintain their action it was necessary for plaintiffs to prove by a preponderance of evidence that on the 26th day of August, 1887, the time of the seizure, the plaintiffs had the right to reduce the goods in suit into their possession. At the time of the seizure by the sheriff the plaintiffs were not entitled to reduce the goods into their possession, as they had made no demand therefor upon Rothschild. The evidence was insufficient to justify a verdict for the plaintiffs, and hence the dismissal was not error. Had the case been submitted to the jury, and a verdict rendered for the plaintiffs upon the evidence before the court, this court would feel constrained to set aside such verdict as clearly against the weight of evidence, and will assume that the court below would have set it aside for the same reason. Judgment appealed from must therefore be affirmed, with costs to the respondent. All concur.